**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FOREST CAPITAL LLC | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-1530 |
| | * | |
| BLACKROCK, INC. | * | |
| | ****** | |

## MEMORANDUM

Forest Capital LLC ("Forest") has brought this action against BlackRock, Inc. ("BlackRock"). BlackRock has filed a motion to dismiss. The motion will be granted.[1]

Plaintiff's claims for conversion and violations of the UCC arise from the fact that BlackRock, after having distributed $525,000 to Forest upon notification from PP&G that Forest had a security interest in the account maintained by BlackRock, made two subsequent payments to PP&G directly totaling $1,050,000. According to Forest, the latter two distributions should have been made to Forest, not PP&G.

Numerous issues are presented by BlackRock's motion to dismiss. I will address only three of those issues.[2]

---

[1] Forest instituted a prior action against BlackRock that was voluntarily dismissed without prejudice. The present action was administratively closed to permit the bankruptcy court handling the PP&G bankruptcy proceedings to resolve the issues, if it chose to do so. The bankruptcy court in the PP&G proceedings, however, entered an order advising that it would be more appropriate for Forest's claim to be heard in this court. When it did so, this case was reopened.

[2] Forest has also asserted a claim for an accounting, alleging that BlackRock did not distribute all of the monies that it should have distributed under the stipulation of dismissal in the prior case. I do not believe that an action for accounting is proper. However, Forest is entitled to an explanation of the amount paid by BlackRock under the stipulation of dismissal in the prior case. Therefore, although I am dismissing plaintiff's accounting claim, I hereby direct that BlackRock provide an accounting to Forest of the amount distributed to it pursuant to the stipulation of

First, Forest did not have, as it alleges, a security interest in the account maintained by BlackRock.  Paragraph 7.1.3 of the Master Factoring Agreement ("MFA") between Forest and PP&G excluded "prepayments to third parties for energy purchases" from the MFA, specifying that they "shall not be deemed security deposits."  Here, the two disputed payments made by BlackRock were exactly such "prepayments" exempt from section 7 of the MFA—PP&G paid the money to the ISO of New England ("NEISO") pursuant to a contract between it and PP&G.  Moreover, that contract—the Control Agreement entered into between PP&G, NEISO, and BlackRock—prohibited PP&G from assigning any rights or obligations under the Control Agreement without the written consent of NEISO and BlackRock.  Forest has not alleged that NEISO ever consented to PP&G's assignment of its right in the BlackRock account to Forest.  Absent NEISO's consent, it is unclear whether PP&G validly assigned its right in the account to Forest.

Second, Forest's conversion claim fails because it does not (and could not) allege that BlackRock converted any funds in the BlackRock account for its own use and benefit.  This is required.  *See, e.g.*, *Franklin American Mortgage Co. v. Sanford Title Servs., LLC*, No. RDB-10-920, 2011 WL 310469 (D. Md. Jan. 26, 2011); *cf. Gibbons v. Bank of Am. Corp.*, No. JFM-08-3511, 2012 WL 94569, at **9–10 (D. Md. Jan. 11, 2012) (dismissing conversion claim where bank acted pursuant to the Deposit Agreement).  BlackRock simply executed the two transfers pursuant to the Control Agreement between it, NEISO, and PP&G.

Third, Forest never notified BlackRock of its alleged security interest in the BlackRock account as required by UCC Sections 9-406 and 9-607.  The alleged notice was a letter sent by PP&G in December 2013; Forest was not countersigned or copied.  The letter was also legally

---

dismissal in the prior action on or before March 13, 2015.  If Forest does not believe that it was paid what it should have been paid, it may move to reopen the prior action.

insufficient notice because it was vague and did not "reasonably identify the rights assigned." In releasing funds pursuant to PP&G's and NEISO's requests, BlackRock was doing what it was required to do under the Control Agreement, not pursuant to any obligation imposed upon it by the UCC.

    A separate order of dismissal is being entered herewith.

Date: February 26, 2015        __/s/_____
                                             J. Frederick Motz
                                             United States District Judge